IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**CARLOS RAY FRAZIER**                                                        **PLAINTIFF**
**ADC #650936**

v.                          No: 4:24-cv-00765-KGB-PSH

**MARSHALL,** *et al.*                                                       **DEFENDANTS**

### ORDER

Plaintiff Carlos Ray Frazier, an inmate at the W.C. Brassell Adult Detention Center, filed this *pro se* 42 U.S.C. § 1983 action September 9, 2024 (Doc. No. 2). The Court granted Frazier's *in forma pauperis* (IFP) application (Doc. No. 5), but has since learned that Frazier is a "three-striker" under the three-strikes provision of the Prison Litigation Reform Act ("PLRA"). *See Frazier v. Baker, et al.*, No. 4:22-CV-00614-JM (E.D. Ark. Sept. 21, 2022) (dismissed for failure to state a claim); *Frazier v. Craig, et al.*, No. 4:22-CV-00641-BRW (E.D. Ark. Oct. 5, 2022) (dismissed for failure to state a claim); *Frazier v. Sloan*, No. 4:22-CV-00661-BSM (E.D. Ark. Sept. 21, 2022) (dismissed for failure to state a claim); *Frazier v. Guynn, et al.*, No. 4:22-CV-00691-BRW (E.D. Ark. Aug. 16, 2022) (dismissed for failure to state a claim).

As a three-striker, Frazier must show that he was in imminent danger of serious physical injury at the time he filed the complaint. 28 U.S.C. § 1915(g);

*Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998). The PLRA's three-strikes provision states that a prisoner cannot proceed *in forma pauperis* in a civil action if:

> the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, **unless the prisoner is under imminent danger of serious physical injury.**

28 U.S.C. § 1915(g) (emphasis added). The U.S. Court of Appeals for the Eighth Circuit has explicitly upheld the constitutionality of the three-strikes provision. *See Higgins v. Carpenter*, 258 F.3d 797 (8th Cir. 2001). The Eighth Circuit has clarified that the imminent danger exception applies only when there is a genuine risk of an "ongoing serious physical injury." *Martin v. Shelton,* 319 F.3d 1048, 1050 (8th Cir. 2003).

In this case, Frazier alleges that defendant Lieutenant Marshall sprayed him with mace after he flooded his cell, and that Marshall and defendant Sheriff C. Lowry refused to take him to the shower unless he undressed, which he refused to do. Doc. No. 2 at 4. He indicates that this occurred the Saturday before he signed his complaint on Sunday, September 1, 2024. *Id.* at 4-5. Frazier makes no allegation that the defendants pose a serious and ongoing threat to his physical safety. Rather, he complains of an isolated incident that occurred the day before. Frazier may only proceed *in forma pauperis* with respect to claims stemming from the danger he faces

at this time; he may not proceed *in forma pauperis* with respect to claims regarding what happened to him in the past.

Because Frazier does not allege that he was in imminent danger of serious physical injury at the time he filed his complaint, the order granting his motion to proceed *in forma pauperis* (Doc. No. 5) is hereby VACATED and SET ASIDE. Frazier must pay the $405.00 filing and administrative fees[1] within 30 days of the date of this order.  Otherwise, the undersigned will recommend this lawsuit be dismissed.

IT IS SO ORDERED this 11th day of October, 2024.

_____
UNITED STATES MAGISTRATE JUDGE

---

[1] The statutory filing fee is $405, which reflects a $55 administrative fee.  The $55 fee does not, however, apply to plaintiffs who are granted *in forma pauperis* status.  *See* District Court Miscellaneous Fee Schedule, No. 14, available at https://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule.