IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**CARLOS RAY FRAZIER**                                                                          **PLAINTIFF**
**ADC #650936**

v.                          No: 4:24-cv-00765-KGB-PSH

**MARSHALL,** *et al.*                                                                        **DEFENDANTS**

## PROPOSED FINDINGS AND RECOMMENDATION

## INSTRUCTIONS

The following Recommendation has been sent to Chief United States District Judge Kristine G. Baker. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

## DISPOSITION

Plaintiff Carlos Ray Frazier, an inmate at the W.C. Brassell Adult Detention Center, filed this *pro se* 42 U.S.C. § 1983 action on September 9, 2024 (Doc. No. 2). The Court initially granted Frazier's *in forma pauperis* (IFP) application (Doc. No. 5), but later learned that Frazier is a "three-striker" under the three-strikes provision of the Prison Litigation Reform Act ("PLRA"). *See Frazier v. Baker, et al.*, No.

4:22-CV-00614-JM (E.D. Ark. Sept. 21, 2022) (dismissed for failure to state a claim); *Frazier v. Craig, et al.*, No. 4:22-CV-00641-BRW (E.D. Ark. Oct. 5, 2022) (dismissed for failure to state a claim); *Frazier v. Sloan*, No. 4:22-CV-00661-BSM (E.D. Ark. Sept. 21, 2022) (dismissed for failure to state a claim); and *Frazier v. Guynn, et al.*, No. 4:22-CV-00691-BRW (E.D. Ark. Aug. 16, 2022) (dismissed for failure to state a claim).

As a three-striker, Frazier must show that he was in imminent danger of serious physical injury at the time he filed the complaint in order to proceed *in forma pauperis*. 28 U.S.C. § 1915(g); *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998). The PLRA's three-strikes provision states that a prisoner cannot proceed *in forma pauperis* in a civil action if:

> the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, **unless the prisoner is under imminent danger of serious physical injury.**

28 U.S.C. § 1915(g) (emphasis added). The U.S. Court of Appeals for the Eighth Circuit has explicitly upheld the constitutionality of the three-strikes provision. *See Higgins v. Carpenter*, 258 F.3d 797 (8th Cir. 2001). The Eighth Circuit has clarified that the imminent danger exception applies only when there is a genuine risk of an "ongoing serious physical injury." *Martin v. Shelton,* 319 F.3d 1048, 1050 (8th Cir. 2003).

In this case, Frazier alleges that defendant Lieutenant Marshall sprayed him with mace after he flooded his cell, and that Marshall and defendant Sheriff C. Lowry refused to take him to the shower unless he undressed, which he refused to do. Doc. No. 2 at 4. He indicates that this occurred the Saturday before he signed his complaint on Sunday, September 1, 2024. *Id.* at 4-5. Frazier makes no allegation that the defendants pose a serious and ongoing threat to his physical safety. Rather, he complains of one isolated incident.

On October 11, 2024, the Court found that Frazier was not in imminent danger of serious physical injury at the time he filed his complaint, and vacated and set aside the order granting his motion to proceed IFP. Doc. No. 11. The Court gave Frazier 30 days to pay the $405 filing and administrative fees to proceed with this case. *Id.* He was warned that if he did not do so, his case would be recommended for dismissal without prejudice. *Id.* Thirty days have passed since entry of this order and Frazier has not paid the $405 filing and administrative fees or made any other filing in this case.

It is therefore RECOMMENDED:

(1)   that this case be DISMISSED without prejudice; and

(2)   that the Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from the order adopting this recommendation would not be taken in good faith.

SO RECOMMENDED this 20th day of November, 2024.

_____
UNITED STATES MAGISTRATE JUDGE